IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KEENAN K. COFIELD, #326109 * | |
| Plaintiff | |
| v.             * | CIVIL ACTION NO. CCB-05-2491 |
| STATE OF MARYLAND        * | |
| ROBERT L. EHRLICH | |
| WILLIAM DONALD SCHAEFFER        * | |
| BALTIMORE CO. POLICE DEPT. | |
| CHIEF SHERIDAN        * | |
| BALT. CO. DET. CPL. DAVID TRIVETT | |
| BALT. CO. DET. MISSY COYNE        * | |
| BALT. CO. DET. MARK WATKINS | |
| BALT. CO. DET. DOUGLAS GEORGIEFF   * | |
| BALT. CO. OFFICER HAUER | |
| BALT. CO. OFFICER PARKER        * | |
| BALT. CO. MD. | |
| HON SUZANNE MENSH        * | |
| All other unknown Balt. Co. Police Officers | |
| in their Individual and Official Capacities        * | |
| Defendants. | |

*******

**MEMORANDUM**

On September 8, 2005, plaintiff filed the instant pro se action pursuant to 42 U.S.C. § 1983, seeking declaratory relief, along with compensatory and punitive damages. Because he appears to be indigent, plaintiff shall be granted leave to file in forma pauperis, pursuant to 28 U.S.C. § 1915(a).

In his original statement of claim, plaintiff attacks the issuance of a search warrant, his arrest and detention, and the search and seizure of unspecified property by state and local officials and agents. After reviewing plaintiff's fifteen-page complaint in its entirety, the court has distilled the following essential claims:

Count I

On or about July 23, 2001, plaintiff was allegedly arrested and detained on unspecified charges and his property was searched and seized without due process. He asserts that he was subject to unspecified "excessive deadly physical force" on that date. Plaintiff asserts that because of defendants' alleged constitutional violations, the related criminal case was dismissed by the District Court of Baltimore County on August 27, 2001, fully expunged on October 30, 2001, and the defective and illegal search warrant and application were sealed. He maintains that the $100,000.00 in property seized has never been returned to him.

In enacting 42 U.S.C. § 1983, Congress determined that gaps in federal civil rights acts should be filled by state law, as long as that law is not inconsistent with federal law. *See Burnett v. Grattan*, 468 U.S. 42, 47-48 (1984). Because no federal statute of limitations governs, federal courts routinely measure the timeliness of federal civil rights suits by state law. *Id*., at 49; *Chardon v. Fumero Soto*, 462 U.S. 650, 655-656 (1983); *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 464 (1975). The tradition of borrowing analogous limitations statutes is premised on a congressional decision to defer to "the State's judgment on the proper balance between the policies of repose and the substantive polices of enforcement embodied in the state cause of action." *Wilson v. Garcia*, 471 U.S. 261, 271 (1985). Consequently, upon review of Maryland's limitations provisions, it appears that Maryland's general three-year statute of limitations for civil actions is most applicable to the case at bar. *See* Md. Code Ann., Cts. & Jud. Proc., § 5-101.

Although the state statute of limitations applies, the time of accrual of the action is a federal question. *Cox v. Stanton*, 529 F.2d 47, 50 (4th Cir. 1975). The running of the statute of limitations begins when plaintiff knows or has reason to know of his injury. *Id*. Here, plaintiff at the latest

should have known of his injuries in 2001, when the criminal charge was allegedly dismissed and expunged, the search warrant sealed, and his property taken. Because plaintiff failed to file the instant complaint until more than three years after the accrual of the incidents, it is clear that the statute of limitations now bars consideration of his claims under Count I.  The allegations raised under this Count shall be dismissed.

## Count II

Plaintiff claims that on October 30, 2001, defendant Mensh allegedly issued an arrest warrant absent a grand jury indictment or the issuance of a charging document in the case of *Cofield v. State*, 01-CR-3868 (Cir. Ct. for Balto.Co., Md.).[1]  He further asserts that on November 8, 2001, he was subject to false arrest on a theft charge as a result of illegal conduct on the part of defendants Mensh, Trivett, and Parker.  He further complains that the warrant was never executed by defendants and there was no return of the warrant.  Plaintiff finally asserts that his arrest by defendant Parker, at the direction of defendant Trivett, resulted in his illegal arrest and imprisonment.

Plaintiff's claims under Count II shall be dismissed without prejudice. Cofield complains about his arrest and detention, but provides no particulars concerning the resolution of the underlying state criminal case.  Upon inquiry to the Circuit Court for Baltimore County, information provided to this court suggests that plaintiff was subsequently convicted of the theft charge related to his November, 2001 arrest and detention in *Cofield v. State*, 01-CR-3868.  As his claims plainly implicate the validity of his arrest and detention related to his conviction and he cannot, at present, illustrate that his conviction has been invalidated, his claims are not cognizable under § 1983.  *See*

---

[1] The Clerk's Office for the Circuit Court for Baltimore County verifies the existence of the criminal case of *Cofield v. State*, 01-CR-3868.  That Office indicates that criminal judgment was entered against plaintiff in 2002, and that a post-conviction proceeding is currently scheduled on the docket.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see also Young v. Nickols*, 413 F.3d 416, 418-19 (4th Cir. 2005).  The claims filed under Count II shall be dismissed without prejudice.

## Count III

Plaintiff claims that defendants State of Maryland, Baltimore County Police Department, Baltimore County, Maryland, Ehrlich, Schaefer, and others failed to train or supervise the defendants named in Counts I and II.  Plaintiff's municipal and supervisory liability claims contain conclusory allegations at best.   Moreover, the claims raised under Counts I and II of the complaint have been dismissed.  Consequently, the claims presented under Count III shall be dismissed without prejudice.

Accordingly, in light of this opinion a separate Order shall be entered granting plaintiff leave to proceed in forma pauperis, but dismissing plaintiff's complaint without prejudice and without requiring service of process on defendants.

   September 21, 2005                       /s/
                                                    Catherine C. Blake
                                                  United States District Judge